ORTH *v.* SAGINAW VALLEY TRACTION CO.

1. EVIDENCE—JUDICIAL NOTICE—STREET RAILWAYS.
   The court will take judicial notice of the fact that in the operation of street cars, conductors are in control of and may cause them to be stopped at any time or place, if circumstances require it.

2. CARRIERS—BOARDING CAR—NEGLIGENCE.
   A conductor who knows that a passenger is in the act of boarding a car should neither direct the starting of a standing car nor direct the acceleration of speed of a car in motion.

3. SAME.
   Testimony that the conductor signaled the motorman to proceed while plaintiff was boarding a car, after it had stopped, before crossing a railroad track, and that the resulting increase in speed threw plaintiff to the ground, presents a case for the jury, notwithstanding that it was not a customary place for the taking on of passengers.

4. SAME—CONTRIBUTORY NEGLIGENCE OF PASSENGER.
   It cannot be said as a matter of law that plaintiff was guilty of contributory negligence in boarding the car while it was in motion; the evidence failing to show conclusively that the rate of speed was six miles an hour, and testimony being introduced to prove that the conductor gave the signal knowing the danger to plaintiff.[1]

5. SAME—BOARDING CAR.
   An instruction to the jury that plaintiff did not assume the risk of the accelerated speed was correct.

6. SAME—EVIDENCE.
   Testimony as to the experience of witnesses relative to the jerking of defendant's cars when the power was increased, was competent in connection with defendant's claim and testimony in support thereof that a device in use on its cars prevented jerking.

[1]As to negligence in getting on or off a moving street car, see note to *Jagger* v. *Street Ry. Co.* (Pa.), 38 L. R. A. 786.

Error to Saginaw; Gage (Chauncey H.), J. Submitted June 20 1910. (Docket No. 97.) Decided July 14, 1910.

Case by George Orth against the Saginaw Valley Traction Company for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Weadock & Duffy*, for appellant.

*F. E. Emerick*, for appellee.

HOOKER, J. The defendant's street car line on Bristol street, in the city of Saginaw, crosses the Michigan Central Railroad. It is the rule that the cars must come to a stop before crossing the steam road, and proceed across the track only after the conductor has alighted from the car, gone to the railroad and ascertained that no train is approaching, and signaled the motorman to proceed. This rule was duly observed on the occasion of plaintiff's injury. At the crossing plaintiff attempted to board the car, following the conductor, but fell or was thrown from the running board to the pavement and injured. This action is based upon the alleged negligence of the conductor in ringing two bells, causing the motorman to understand that the conductor was again upon the car, and to turn on the current and accelerate the speed of the car, causing plaintiff to fall or be thrown from the car. The court submitted these questions, and that of contributory negligence, to the jury, and a verdict and judgment for $500 followed. Defendant has appealed.

1. **Refusal to Direct a Verdict.** Counsel for defendant assign error upon the refusal of the trial judge to direct a verdict for defendant, contending, *first*, that there was no testimony tending to show that the conductor's act in ringing the bell was the cause of the accident. It is said that the signal was not to direct the motorman to increase speed, which was a matter for him to decide for himself,

inasmuch as it was not proper for him to stop the car upon the crossing, after he had started to cross it, and that it does not appear that an increase of speed at that time and place was not necessary, as the car was running very slowly; power being shut off as it descended the hill.

We are of the opinion that we should take judicial notice of the fact that conductors are in control of street cars, and may cause them to be stopped at any time or place if circumstances require it, and that, having knowledge that one is in the act of boarding a car or with his consent about to do so, should neither direct the starting of a stationary car, nor the acceleration of speed of a car in motion, nor what might amount to the same thing, give the two-bell signal, if the same would be understood by the motorman to mean that there was no longer reason for not putting on the power, which would have the effect to start or increase the speed of the car.

If the plaintiff testified to the truth, he told the conductor of his intention to board the car at that place, and signaled the motorman, and was given reason to believe that the conductor acquiesced. If so, the conductor owed him the duty of protecting him, by omitting the signal which might result in action by the motorman, until plaintiff was in a place of safety. We do not understand what counsel mean by the suggestion that there was no proof that it was not necessary to put on the power at that juncture, unless it is that the car was not in a safe place for stopping, and should not have been allowed to stop there. The circumstances indicate no danger on that occasion, and had the car even come to a standstill on the track (of which there was little danger, as it was running from two to six miles an hour), it would have been better than to injure a passenger. There is a reasonable inference that the motorman, knowing that his conductor was on the ground, would not apply power until he was apprised by the signal that he was ready to have him do so, and, under the circumstances stated by the plaintiff, there was evidence from which the jury might reasonably find negli-

gence on the part of the conductor in giving the signal, and the case so made was well within the declaration.

It is said to have been assumed by the judge that the conductor could have controlled the operation of the car over the road by withholding the signal. The instructions to the jury were that neither conductor nor motorman had a right to stop the car upon the crossing for a passenger, and that the latter was not obliged to retard its speed, and that only in case the acceleration of speed was in consequence of the signal, could plaintiff recover, and the judge expressly said that—

"If you find from the evidence in the case that the bell signal which the plaintiff claims the conductor gave to the motorman when the conductor boarded defendant's car, as the car was crossing the railroad tracks, was taken by the motorman to mean that the conductor had boarded the car after making the crossing, and that the speed of the car was not increased in response to any such signal, your verdict then would be for the defendant. That is, if the motorman did not, as a matter of fact, increase the speed of the car after the bell was rung, so as to produce a jerk or motion of the car that threw the plaintiff to the ground, but simply considered the bell evidence to him that the conductor was on the car, the plaintiff would not be entitled to recover. It is a question of fact for you to determine from all the evidence in the case whether he did or did not increase the speed, and the increasing speed produce a jerking motion of the car."

This instruction is at variance with such an assumption.

2. That 'Contributory Negligence was Conclusively Proved. It must be admitted that an attempt by a man 62 years old, weighing 200 pounds, to board a street car going six miles an hour, may well be called negligent, and a jury would be justified in so finding. But in the first place it is not conclusively shown that the car was going six miles an hour, and, moreover, the conductor was apprised of plaintiff's intention to board the car in motion, and therefore of the danger, and rang his bell with full knowledge of the situation, according to some of the testimony. We are of the opinion that these were questions

for the jury, and we cannot say as matter of law that plaintiff was precluded from recovering a verdict. Booth on Street Railways, § 336; 27 Am. & Eng. Enc. Law (2d Ed.), p. 67.

3. That the Plaintiff Assumed the Risk. The learned trial judge instructed the jury that he assumed the risk of attempting to board the car, but not of the negligence in accelerating speed. We think this correct.

4. The Starting or Jerking of the Car. Much is said in the briefs of counsel about the "jerking of the car." Every one knows that the sudden application of brakes, or of power, has a tendency to disturb the equilibrium of one standing in the car or on the running board. It matters not whether the increased motion be a jerk or merely an increase of speed. It is described both ways in the declaration and testimony. Apparently plaintiff's fall was due to the inertia of his body as the car started up. Exception was taken to the testimony of some witnesses as to their experience while riding on other cars of the defendant. This testimony would have been inadmissible but for the fact that defendant sought to prove that their large cars, including the one in question, had a device upon them that effectually precluded jerking. As it was, it was proper in rebuttal. It is contended that Miller's testimony conclusively showed that he fell forward, and hence that it was obvious that it was caused by the brake. This testimony was not important, and, in our judgment, cannot have injured defendant. The cause was submitted by an exceptionally good charge, and we find nothing in the proceedings of which defendant can reasonably complain.

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.